UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH NGOUNE DJOUMESSI,

        Petitioner,

v.                                             CASE NO. 05-CV-70455-DT
                                             HONORABLE ARTHUR J. TARNOW

HUGH WOLFENBARGER,

        Respondent.
_____/

## ORDER
## (1) GRANTING A CERTIFICATE OF APPEALABILITY,
## (2) GRANTING IN FORMA PAUPERIS STATUS ON APPEAL, AND
## (3) DECLINING TO APPOINT COUNSEL

Petitioner Joseph Ngoune Djoumessi has appealed the Court's denial of his habeas corpus petition. Currently pending before the Court are Petitioner's motions for a certificate of appealability, for leave to proceed *in forma pauperis* on appeal, and for appointment of counsel.

### A. Standard of Review

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

### B.  Application

Petitioner has been convicted of one count of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(a), and one count of third-degree child abuse, MICH. COMP. LAWS § 750.136b(4). He seeks a certificate of appealability on his first and third habeas claims, which read:

> I.   Petitioner is entitled to a new trial where it was not revealed until after verdict that one of the jurors had been a victim of sexual assault and domestic violence and used those experiences to influence the verdict.
>
> III.  Petitioner was denied a fair trial and an impartial jury where the trial court, despite a defense objection, refused to give the jury, which had indicated it could not reach a verdict, the standard hung jury instruction, and instead gave them an instruction that was both unduly coercive and substantially departed from the approved standard instruction.

The Court addressed Petitioner's first claim on the merits and concluded that Petitioner had failed to show that Juror 5 provided a dishonest answer to a material question on *voir dire*.

The Court also concluded that Petitioner had failed to show "actual bias" or that Juror 5's revelation about her ex-husband's conduct was an external influence on the jury's verdict. Reasonable jurists could debate the Court's assessment of Petitioner's juror-misconduct claim. Therefore, a certificate of appealability may issue on claim I.

The third habeas claim alleges that the trial court's jury instruction on deadlocked jurors was unduly coercive and a substantial departure from the standard instruction. The Court held that the instructions as a whole were not coercive, because the trial court charged the jurors not to give up their honest beliefs about the evidence in order to reach an agreement or because of the other jurors' opinions. The Court also stated that, even if juror coercion existed, it was at least reasonable to conclude that there was no juror coercion and, therefore, "the state court's determination to that effect must stand." *Early v. Packer*, 537 U.S. 3, 11 (2002).

Reasonable jurists could debate the Court's assessment of Petitioner's claim debatable or wrong. Accordingly, the Court grants a certificate of appealability on Petitioner's third habeas claim.

### C. The Motions for *In Forma Pauperis* Status and Appointment of Counsel

The standard for issuing a certificate of appealability "has a higher threshold than the [*in forma pauperis*] standard, that the appeal is not frivolous." *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). The issues being appealed are not frivolous. Therefore, the appeal is taken in good faith, and Petitioner's application for leave to proceed *in forma pauperis* on appeal [Dkt. 55, Aug. 1, 2007] is GRANTED. The motion for appointment of counsel [Dtk. 56, Aug. 1, 2007] is DENIED, because there is no right to assistance of counsel on a habeas

*Djoumessi v. Wolfenbarger*, No. 05-70455

appeal, *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant,* 499 U.S. 467, 495 (1987), and because no exceptional circumstances are present here. *Lavado v. Keohane,* 992 F.2d 601, 606 (6th Cir. 1993).

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: August 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2007, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary